**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PERFORMANCE SYSTEMS :
GROUP, INC. and LW :
ACQUISITIONS, LLC, :
:
    Plaintiffs, : CIVIL ACTION NO.
: 1:11-CV-02161-RWS
v. :
:
KROY IP HOLDINGS, LLC, :
:
    Defendant.

## **ORDER**

This case comes before the Court on Defendant's Motion to Set Aside Default Judgment [9], Plaintiffs' Motion to Strike [14], and Defendant's Motion for Leave to File Its Motion to Dismiss or, in the alternative, to Transfer [16]. After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiffs initiated this litigation on July 1, 2011 by filing a Complaint in this Court, seeking a declaratory judgment of noninfringement of a patent allegedly owned by Defendant. (Dkt. [1].) Defendant's registered agent was personally served with a copy of the Summons and Complaint on October 19, 2011. (Dkt. [4].) Defendant failed to file a response to the Complaint within

the twenty-one (21) days permitted by Federal Rule of Civil Procedure 12(a)(1)(A); therefore, on November 17, 2011, the Clerk, on Plaintiffs' motion, entered a default. (Dkt. [5].) On December 5, 2011, Plaintiffs moved the Court for a default judgment (Dkt. [6]), which motion was granted by Order dated December 15, 2011 (Dkt. [7]).

Defendant now has filed a motion to set aside the default judgment, which motion Plaintiffs oppose. Defendant also moves the Court for leave to file a motion to dismiss or, in the alternative, to transfer, in the event its motion to set aside is granted, which motion Plaintiffs also oppose. Finally, Plaintiffs move the Court to strike certain arguments raised in Defendant's motion to set aside the default judgment and proposed motion to dismiss or transfer. The Court considers these motions in turn.

## Discussion

### I. Defendant's Motion to Set Aside Default Judgment [9]

Under Federal Rule of Civil Procedure ("Rule") 60(b), which governs Defendant's motion to set aside the default judgment, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on grounds of:

2

> (1) *mistake, inadvertence, surprise, or excusable neglect*;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) *the judgment is void*;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it retrospectively is no longer equitable; or
>
> (6) *any other reason that justifies relief.*

Fed. R. Civ. P. 60(b) (emphasis added). In this case, Defendant moves the Court to set aside the default judgment on grounds (1), (4), and (6) of Rule 60(b). (See generally Def.'s Mot. to Set Aside Default J., Dkt. [9].) Defendant first argues that the default judgment should be set aside because its failure to respond to the Complaint was "inadvertent and due to excusable neglect." (Id. at 9-16.) Defendant next argues that the judgment is void for lack of personal jurisdiction (id. at 16-17) and, finally, that setting aside the default judgment is within the Court's discretion under Rule 60(b)(6) (id. at 17-18). Having examined the record and submissions of the parties, the Court finds that

3

Plaintiffs have failed to establish a prima facie case of personal jurisdiction over Defendant, rendering the default judgment against Defendant void and due to be set aside.[1] This conclusion is explained below.

### A. Rule 60(b)(4) Legal Standard

As stated above, Rule 60(b)(4) permits a defendant to move for relief from a final judgment on grounds that the judgment is void. "A judgment is void against any defendant over which the Court lacks personal jurisdiction." Baragona v. Kuwait & Gulf Link Transp. Co., et al., 691 F. Supp. 2d 1351, 1357 (N.D. Ga. 2009) (citing Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 924 (11th Cir. 2007)). Rule 60(b)(4) thus "allows a litigant–even one who does not initially appear–to collaterally attack a judgment on the ground that it is void due to lack of personal jurisdiction." Sloss Indus. Corp., 488 F.3d at 924. Although a district court's ruling on a Rule 60(b) motion ordinarily is reviewed under an abuse of discretion standard, a ruling under Rule 60(b)(4) is subject to de novo review, as "a district court's failure to vacate a void judgment is per se

---

[1] In light of this finding, the Court need not address the other arguments advanced by Defendant in support of its motion to set aside the default judgment.

4

an abuse of discretion[.]" Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009) (citations omitted).

It is well-settled that "where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." Oldfield, 558 F.3d at 1217. This is true even where, as here, the defendant initially defaults and subsequently challenges personal jurisdiction through a Rule 60(b)(4) motion to set aside a default judgment. Baragona, 691 F. Supp. 2d at 1358 ("The Eleventh Circuit has stated . . . that the plaintiff continues to bear the ultimate burden of establishing that personal jurisdiction is present in cases such as this where the defendant initially defaults and subsequently moves pursuant to Rule 60(b)(4) to challenge the Court's jurisdiction.") (citing Oldfield, 558 F.3d at 1217). A challenge to the Court's exercise of jurisdiction over the defendant must be resolved, if possible, on the pleadings. Oldfield, 558 F.3d at 1218 n.19 (citation omitted).

To establish personal jurisdiction over a defendant, the plaintiff bears the initial burden of pleading "sufficient material facts to establish the basis for exercise of personal jurisdiction." Future Tech. Today, Inc. v. OSF Healthcare

5

Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). In other words, where, as here, no discovery has been undertaken, the plaintiff bears the initial burden of establishing a prima facie case of personal jurisdiction. See, e.g., Baragona, 691 F. Supp. 2d at 1358 (". . . [W]here . . . [the defendant] failed to appear and contest personal jurisdiction, [the plaintiffs] bore the burden of establishing a prima facie case of personal jurisdiction over [the defendant]."). As the Eleventh Circuit has explained,

> When no evidentiary hearing has been held, the standard by which to decide the issue of personal jurisdiction is clear: The plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff.

Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 255 (11th Cir. 1996). The parties' respective burdens of proof on the issue of personal jurisdiction similarly has been explained as follows:

> First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is

6

required to substantiate the jurisdictional allegations in the
complaint by affidavits or other competent proof, and not merely
reiterate the factual allegations in the complaint.

Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000).

### B.   Analysis

In this case, Defendant argues that Plaintiffs have failed to allege sufficient facts to establish personal jurisdiction over it and that, in fact, the Court does not have personal jurisdiction over Defendant–a Delaware corporation with its principal place of business in Maryland. (Def.'s Mot. to Set Aside Default J., Dkt. [9] at 16.) In response, Plaintiffs argue that "Defendant has not met its burden" of "showing that this Court lacks personal jurisdiction." (Pls.' Opp'n to Def.'s Mot. to Set Aside Default J. ("Pls.' Opp'n"), Dkt. [11] at 9.) Plaintiffs argue,

> Though Defendant raises the personal jurisdiction issue, it fails to
> present a single piece of evidence to support its assertion that it has
> no contacts with Georgia besides a few emails to discuss
> settlement. Defendant filed three Declarations, but not one of them
> addresses in any fashion the issue of personal jurisdiction. Not one
> asserts any fact about Defendant's contacts or even lack of contacts
> with the State of Georgia. All Defendant has presented to the
> Court is counsel's inadmissible hearsay statement in its Brief that
> its client has insufficient contacts with the State of Georgia. Thus,

7

> Defendant has no facts to controvert the allegations in Plaintiffs' complaint and Plaintiffs' allegations should be taken as true.

(Pls.' Opp'n, Dkt. [11] at 16-17 (citing Def.'s Mot. to Set Aside Default J., Dkt. [9] at 16-17).)

Plaintiffs are correct that Defendant has failed to offer any evidence to show that the Court, in fact, lacks personal jurisdiction over it. Plaintiffs are also correct that absent such evidence, Defendant cannot controvert the jurisdictional allegations of the Complaint, which the Court, at this stage of the litigation, must accept as true. What Plaintiffs fail to recognize, however, is that even accepting the allegations of the Complaint as true, Plaintiffs have failed to make a prima facie showing that the Court has personal jurisdiction over the Defendant. Unless and until the plaintiff makes such a prima facie showing, the defendant has no burden to make any evidentiary showing that personal jurisdiction is lacking. See, e.g., Future Tech. Today, Inc., 218 F.3d at 1249 ("First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute.").

Only two allegations are made in the Complaint regarding the Court's jurisdiction over Defendant: "This Court has personal jurisdiction over Defendant," and "Defendant's activities have caused injury to Plaintiffs in the State of Georgia and Defendant is therefore subject to personal jurisdiction here." (Compl., Dkt. [1] ¶¶ 9-10.) The allegation that the Court has personal jurisdiction is a legal conclusion that is not accepted by the Court as true. Ashcroft v. Iqbal, 556 U.S 662, 663-64 (2009). Thus, the only factual allegation that the Court must accept as true is the allegation that "Defendant's activities have caused injuries to Plaintiffs in the State of Georgia." This, again, is the only fact alleged to show that the Court has personal jurisdicition.

Accepting this fact as true, Plaintiffs have failed to make a prima facie case of personal jurisdiction over Defendant. Under Georgia's long arm statute, the Court, indeed, may exercise jurisdiction over a non-resident defendant whose activities have caused injury to the plaintiff in the state of Georgia, but only if the defendant also *"regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."* O.C.G.A. § 9-10-

9

91(3).² Plaintiff has not alleged that Defendant "regularly does or solicits business" in Georgia, "engages in any other persistent course of conduct" in Georgia, or "derives substantial revenue from goods used or consumed or services rendered" in Georgia. Therefore, the allegation that Defendant's activities have injured Plaintiffs in Georgia is insufficient to make a prima facie showing of long arm jurisdiction over Defendant.³ Accordingly, although Defendant has failed to present any evidence to show that personal jurisdiction does not exist, the Court must conclude that it does not, as Plaintiffs have failed to carry their threshold burden of making a prima facie case. Defendant's Motion to Set Aside Default Judgment [9] therefore is **GRANTED**.

---

² O.C.G.A. § 9-10-91(3) provides that a court of Georgia may exercise jurisdiction over a non-resident defendant if her or she "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."

³ O.C.G.A. § 9-10-91(2) permits the exercise of personal jurisdiction over a non-resident defendant who "[c]ommits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act[.]" This provision does not require that the non-resident defendant also engage in the persistent courses of conduct required by § 9-10-91(3). Nonetheless, the Court cannot exercise jurisdiction over Defendant under this provision because Plaintiffs have not alleged that their injuries stemmed from any act or omission that Defendant committed within the State of Georgia.

10

## II. Defendant's Motion for Leave to File Its Motion to Dismiss, or in the alternative, to Transfer [16]

In light of the Court's ruling in Part I, supra, setting aside the default judgment, Defendant's Motion for Leave to File Its Motion to Dismiss, or in the alternative, to Transfer [16] is **GRANTED**. The Motion shall be deemed filed on the date of entry of this Order. Plaintiffs shall have fourteen (14) from the date of entry of this Order in which to file a response, if any. Any reply by Defendant shall be filed within fourteen (14) days of service of Plaintiffs' response brief, if any. See LR 7.l, NDGa.

## III. Plaintiffs' Motion to Strike [14]

Plaintiffs move the Court to strike four statements made in Defendant's reply brief in support of its motion to set aside the default judgment (Dkt. [13]) and in its subsequently withdrawn Motion to Dismiss or, in the Alternative, to Transfer (Dkt. [12], withdrawn by Dkt. [15]). (See generally Pls.' Mot. to Strike, Dkt. [14].) The challenged statements were made by counsel for Defendant, in support of the argument that the Court lacks personal jurisdiction over Defendant, and pertain to Defendant's purported lack of contacts with the State of Georgia. (Id.) Plaintiff argues that the statements "are not supported

11

AO 72A
(Rev.8/82)

by oath or affirmation," are not based on counsel's "personal knowledge," and therefore do not constitute "admissible facts" regarding the Court's jurisdiction over Defendant. (Id.)

As a threshold matter, three of the four challenged statements were made in Defendant's Motion to Dismiss, or in the Alternative, to Transfer (Dkt. [12]), which Defendant withdrew (Dkt. [15]) subsequent to the filing of Plaintiffs' motion to strike. While the statements again are made in Defendant's proposed Motion to Dismiss, or in the Alternative, to Transfer (Dkt. [16-1]), which the Court has permitted to be filed (see Part II, supra), Defendant has filed a new declaration (Dkt. [16-2]) in support of the motion, which declaration appears to support the challenged factual assertions. This undermines Plaintiffs' argument that the factual assertions are not admissible as evidence in support of Defendant's personal jurisdiction argument.

Regardless of the foregoing, however, the Court finds that a motion to strike is not the proper vehicle for Plaintiffs' challenge to the admissibility of the statements. Rule 12(f) governs motions to strike and provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It is well

12

settled in this circuit that motions to strike are generally disfavored, Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 690 (M.D. Fla. 2003), "often being considered 'time wasters,'" and will be granted only if the allegations have no possible relation to the controversy and may cause prejudice to the opposing party, Somerst Pharms., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996). Plaintiffs' Motion to Strike–directed not at any pleading but rather at Defendant's motions–is not the proper procedural vehicle to challenge the admissibility of factual assertions raised in Defendant's briefs. The motion therefore is **DENIED**.

## Conclusion

In accordance with the foregoing, Defendant's Motion to Set Aside Default Judgment [9] is **GRANTED**. Plaintiffs' Motion to Strike [14] is **DENIED**, and Defendant's Motion for Leave to File its Motion to Dismiss, or in the Alternative, to Transfer [16] is **GRANTED**. Defendant's Motion to Dismiss, or in the Alternative, to Transfer [16-1] shall be **DEEMED FILED** on the date of entry of this Order. Any response or reply shall be filed in accordance with Local Rule 7.1, as directed in Part II, supra.

13

**SO ORDERED**, this   21st   day of August, 2012.

_____
**RICHARD W. STORY**
United States District Judge

14